## PATRICK FOX *v.* CITY OF NEW ORLEANS.

*The city cannot be held liable under a contract made by the Municipal officers in violation of law.*

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *Race & Foster*, for plaintiff. *J. Livingston*, for defendant and appellant.

SPOFFORD, J. This action is based upon an alleged contract. The plaintiff declares that the late Second Municipality of New Orleans passed an ordinance

requiring the Surveyor thereof to notify certain proprietors of lots therein to fill them, and in default of their compliance within thirty days to cause the same to be filled at the expense of the owners ; that the lots of one *Worthington* were ordered to be filled in pursuance of this ordinance, and the owner failing to do it, the Surveyor of the Second Municipality employed the petitioner to fill them, and "contracted with him to fill the same for the city, at the price of seventy-five cents per yard," which he did, and the work was accepted by the Surveyor.

The present plaintiff formerly brought a suit against *Worthington's* representative for the price of the filling, but was cast, on the ground that he, in connection with the Municipal officer, had acted in violation of a remedial statute which was intended to check Municipal extravagance and corruption, by requiring all contracts for public or other works ordered by the Municipality "to be let out to the lowest bidder at public auction." See *Fox* v. *Sloo, Executor*, 10 An. 11 ; Act 18th March, 1850, Sec. 12, (Sess. Acts, 131.) The consolidation Act passed a few days later, embraced the same provisions couched in even more general terms : "all contracts to be made or let by authority of the City Council, and all materials and supplies to be furnished shall be offered by the Mayor at public auction, after the usual advertisements, and adjudicated to the lowest bidder." Act 21st March, 1850, Sec. 22, (Sess. Acts, 164.)

The defence in his case is identical with that in the case of *Fox* v. *Sloo*. No action can be maintained upon a contract made in violation of law. If, by overriding this statute, the Municipal officers could saddle the city with the expenses of the contracts they choose to make in defiance of its mandates, the tax-payers would become an easy prey to the jobbing contracts which it was the commendable object of the statute to defeat.

Judgment reversed, and judgment for defendant, with costs in both courts.