Samuel J. Griswold et al. *vs.* The Town of Guilford.

Third Judicial District, New Haven, June Term, 1902.
Torrance, C. J., Baldwin, Hamersley, Hall and Prentice, Js.

The question of the constitutionality of a statute will not be considered by this court if it was not raised in the court below nor assigned in the reasons of appeal.

The errors complained of must be stated distinctly in the reasons of appeal, as required by the statute (Rev. of 1902, § 798).

The " Good Roads Act " (General Statutes, Rev. of 1902, §§ 2086–2088) does not repeal, expressly or by implication, any part of the statute (Rev. of 1902, § 2051) making municipalities liable for special damage resulting from a change of grade; nor was such Act intended to make a radical change in the long-established policy of the State in respect to the care of highways. Work done under the Act is still inaugurated and controlled, from first to last, by the town, while the provisions giving to State officials certain authority over the specifications, and the right of inspection, are intended merely to insure good work and guard the State treasury from sharing in improper expenditures.

A motion in this court to rectify a finding will not be considered where the trial judge has not been requested to make the desired correction, and no attempt has been made, apparently, to comply with the plain provisions of the statutes and rules relating to appeals.

Argued June 10th—decided July 18th, 1902.

ACTION to recover damages for injuries to land adjoining a highway, resulting from a change in its grade, brought to the Superior Court in New Haven County where a demurrer to certain paragraphs of the answer was sustained (*Shumway, J.*) and the case afterwards tried to the jury *Roraback, J.;* verdict and judgment for the plaintiffs for

Griswold et al. *v.* Guilford.

$300 damages, and appeal by the defendant for alleged errors in the rulings and charge of the court. *No error.*

The case is sufficiently stated in the opinion.

*Henry G. Newton*, with whom was *Harrison Hewitt*, for the appellant (defendant).

*J. Birney. Tuttle*, for the appellees (plaintiffs).

PRENTICE, J. Under this appeal an attempt is made to raise two substantial questions of law. The first relates to the constitutionality of the Act which gives to adjoining property owners the right to damages occasioned by changes of highway grades, being the Act which was first passed in 1882, which appears as § 2703 of the General Statutes (Rev. 1902, § 2051), and which was later amended by the provisions of Chap. 211 of the Public Acts of 1895. The legislation contained in Chap. 66 of the Public Acts of 1901 (Rev. 1902, § 2051) does not concern this action, as it was subsequent to the public work in question.

This question was not made in the court below. It is not presented by the reasons of appeal. The attempt to justify its consideration by us, upon the ground that there was a request to charge the jury to the effect that " unless the plaintiff's property outside the lines of the highway has been damaged, your verdict should be for the defendant," is in distinct violation of the spirit of our appellate system and of the provisions of § 13 of Chap. 194 of the Public Acts of 1897 (Rev. 1902, § 798), which require a distinct statement in the appeal of the errors complained of.

The second question was distinctly raised below and is made a reason of appeal. The claim is that a town, city, or borough, within the limits of which a highway is improved under the provisions of what is commonly known as the " Good Roads Act," is not liable to an adjoining property owner for any damages which may be sustained by him in the progress of the work by reason of any change of grade thereof or excavations therein.

In the discussion of this question there are two statutes to be considered. One is the " Good Roads Act," so-called, appearing as it was at the time of the work in question, in Chap. 175 of the Public Acts of 1899 (Rev. 1902, §§ 2086–2088). The other is Chap. 211 of the Public Acts of 1895, already referred to, being the Act which gives to adjoining property owners the right to recover damages for changes of grade in a highway (Rev. 1902, § 2051). Our good road legislation began in 1895. Neither the Act then passed, nor any amendment thereto, has ever undertaken to repeal any part of what, for brevity's sake, we may call the Change of Grade Acts, or to limit their application. As there is no repugnancy between their provisions, there is no repeal by implication. Clearly both statutes may properly stand together, were intended to stand together, and do therefore stand together.

Chapter 211 of the Public Acts of 1895, amending § 2703 of the General Statutes (Rev. 1902, § 2051), prescribes the right of the property owner to recover, whenever there has been a change in the grade of a highway or excavations made therein in the process of its repair " by the town, city or borough in which such highway may be situated." Upon the town, city or borough is cast the burden of payment.

The defendant town is not liable to the plaintiff unless by force of its provisions. *Healey* v. *New Haven*, 47 Conn. 305, 313; *McGar* v. *Bristol*, 71 id. 652. These provisions make certain conclusions clear. The town is not liable unless the public work from which the claimed damage resulted, was, in the view of the law, its work. It is not liable unless this work comes within the statutory description, and amounted to a change of grade in the highway, or excavations therein, made in the process of repair thereof. It is also clear that no one is liable to the plaintiffs for the damage caused, if the defendant is not.

The improvement, for the results of which the action is brought, clearly involved a change of grade of the highway within the meaning of the statute. The plaintiffs' and defendant's contention alike establish this fact. *McGar* v. *Bristol*, 71 Conn. 652.

The only remaining question, then, is as to whether the improvement is to be regarded as one made by the defendant. We think it must be so regarded. The duty of caring for all the highways within the town is by statute cast upon it. Apart from the "Good Roads Act," there could be no doubt that the town was the only responsible authority, not only in the matter of repairs but in all matters relating to improvements, changes of layout, grades, etc. The Act in question was clearly not intended to work a radical change in the long-established policy of the State. In spite of the Act, the fundamental duty of local municipalities to care for all highways within them, and the ultimate power of those municipalities to determine whether repairs, improvements, or changes shall be made, and when, how and to what extent made, remains unimpaired. The State, for the general public good, undertook to furnish financial aid to towns willing to assume increased burdens involved in the construction of improved roads. Naturally, as it was seeking to accomplish a purpose and was to share in the expense involved, the Act contained provisions directed to securing the accomplishment of the purpose, and guarding the State treasury from being called upon to share in improper or unnecessary expenditures.

If the Act be studied it will be found barren of provisions which appear to give to the State or its officials the power to cause the improvement of a foot of road. To the towns is carefully reserved the whole power, not only to inaugurate an improvement but to control as to the manner of its execution, from the first moment of its suggestion to the last moment when by its selectmen its name is set to the contract. State officials naturally are given certain authority in the matter of specifications and inspection. The former authority is claimed to indicate a State control. It is, however, practically only a veto power which is thus given. The State highway commissioner can prevent the adoption of unsatisfactory and improper specifications. He can compel the adoption of none. The town is the ultimate authority. Unless it approves the specifications made the improvement cannot proceed. The specifications are thus in their preparation and proposal those

of the highway commissioner. They become the town's by an adoption, without which there can be no work done.

We need not carry our study of the Act further. Its provisions disclose no suggestion of a surrender of the ancient policy of local highway control and responsibility. Its provisions are those, and those only, which are appropriate to the purposes sought to be accomplished, and to a proper regard for the interests of the State's finances. The town remains, when participating in an improvement under its provisions, the real moving and responsible party—as much so in legal contemplation as though it was obliged to bear the burden of cost unaided by the State.

The only feature of the whole Act which suggests in any way a State participation in the work, as distinguished from a participation in the expense incurred, is the provision which appears to contemplate the signature of the highway commissioner to the contract for the execution of the work. This provision, which seems to be out of harmony with the rest of the Act, cannot rightfully be regarded as changing its character, otherwise made so manifest. Doubtless this signature was intended to act as an evidence of approval. If that was its sole purpose, it must be admitted that the language chosen to express the intention was not happily chosen. In any event, however, we should not feel justified in giving to this single provision a controlling influence in the construction of an otherwise clear and harmonious Act.

The defendant objects to the failure of the court to instruct the jury in accordance with several requests not related to the subject-matter already considered. Of these the most important relate to conditions not disclosed in the finding. The court was not called upon to notice them. *Allen* v. *Rundle*, 50 Conn. 9, 33; *State* v. *Hanley*, 70 id. 265.

A motion to rectify the appeal, however, so that these requests may appear pertinent, is made to us. It does not conform to the statute in important particulars. It does not appear that the trial judge has been asked to make the desired corrections. The depositions required to establish disputed facts have never been taken, or are not before us. Public

Acts of 1897, Chap. 194, § 12 (Rev. 1902, § 801). The motion must therefore be denied. We are constrained to add that the records brought to this court ought not to be cumbered with motions of this character, nor the time of the court taken up with their consideration, unless there has been an attempt to comply with the plain provisions of the statutes and rules in relation thereto.

The other requests to charge referred to were either incorrect statements of law or half statements, which could only serve to mislead and confuse. They were properly disregarded.

The defendant complains of four rulings upon the admission of testimony. These all related to matters of such insignificance that, whether right or wrong, the action of the court thereon could not have affected the result. We need only observe concerning them, that two of the rulings, in view of the character of the questions, were correct, that a third simply forbade inquiry upon a matter admitted, and that the fourth was one within the domain of judicial discretion.

There is no error.

In this opinion the other judges concurred.