EDWARD J. KELLEY vs. THE TOWN OF TORRINGTON.

First Judicial District, Hartford, January Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The selectmen of a town which has undertaken to improve one of its highways under the Good Roads Act (Public Acts of 1905, Chap. 232), at a cost of more than $1,000, have no authority to let out the work without competition, either under an oral or written agreement, nor to employ men and teams upon a promise to pay them what their services are reasonably worth, unless the town itself has been awarded the contract.

In the present case the defendant town having voted to improve one of its highways under the provisions of this Act, its selectmen called for bids and awarded the contract to M. & Co., who were the lowest bidders. Before the contract was signed or the bond was furnished, as required by the call for bids, M. & Co. began the work but afterward abandoned it. *Held* that their conduct—whether with or without the consent or knowledge of the selectmen—did not make the town liable upon an implied contract for such work as M. & Co. performed, a contention which, if sustained, would be as much an evasion of the terms of the Act as if no bids had been called for or made.

Requests to charge which contain mere statements of law in the abstract, without any setting of facts making them applicable to the case in hand, should be denied; as also requests which assume, as established, facts which are in controversy.

The question how much a highway contractor owed for work done by him on the highway, and whether he had given to any one orders on the town, have no tendency to prove the reasonable value of the work done, or that payment therefor was due.

Argued January 7th and 8th—decided March 3d, 1908.

ACTION of *scire facias* against a garnishee, brought to the Court of Common Pleas in Litchfield County and tried to the jury before *Tyner, J.;* verdict and judgment for the plaintiff, and appeals by the defendant. *Error and new trial ordered.*

In this court the appellee filed a plea in abatement to the appeals. Plea sustained as to the so-called appeal from denial of motion to set aside the verdict, and overruled as to the appeal from final judgment.

Upon the trial below it was admitted that the original defendants, William Mella & Company, had performed work in the improvement and change of a highway in the defendant town, known as the Daytonville road, that they had ceased work thereon prior to the service of the garnishee process, and that the town had paid nothing for the work.

The plaintiff claimed to have proved that the work was done at the request and by direction of the selectmen of the town, that no price was fixed to be paid therefor, and that said firm was entitled to be paid what the work was reasonably worth.

The defendant offered evidence tending to prove the following facts: The town had voted to expend $9,000 under the provisions of the Good Roads Act (Chapter 232 of the Public Acts of 1905), and had recommended that the road in question be selected by the selectmen and highway commissioner for such improvement. The selectmen, with the approval of the highway commissioner, selected said road for improvement, and procured from the commissioner plans and specifications for such improvement, and afterward advertised for bids for the work, all in compliance with the provisions of the Act. The said William Mella & Company were bidders for the work, and their bid was the lowest of the several bids received therefor, and was accepted by the selectmen and highway commissioner, and the contract was awarded to them. A contract, with the specifications attached, prepared by the highway commissioner, was then handed to one of the members of the firm for signature by the firm, and he was informed that he must give a bond, as required by the Act, and that it must be a security company bond, as required by the published advertisement for bids. Thereafter, without notice to or knowledge on the part of the selectmen, and without furnishing such bond, said Mella & Company entered upon the highway and began the work. The selectmen, after learning that the work was in progress, notified the firm that no payments would be made until the bond

was furnished. After a small portion of the work called for by the contract had been performed, it was abandoned by the firm. Thereupon the selectmen advertised for new bids, and the work was done by other contractors at an expense exceeding the amount of Mella & Company's bid.

The defendant claimed that under the Good Roads Act the selectmen could not let out the work by oral contract without competition, as the plaintiff claimed was done, and also claimed that the work was done under an express contract, entire in its nature, and that, as it was abandoned before completion, the contractors had no claim upon the town at the time the latter was factorized. It filed requests to charge upon these and other aspects of the case.

The reasons of appeal assign as error the court's refusal to charge as requested, its charge as given, and certain rulings upon the admission of evidence, which sufficiently appear in the opinion.

*Walter Holcomb*, for the appellant (defendant).

*Leonard J. Nickerson* and *Homer R. Scoville*, for the appellee (plaintiff).

THAYER, J. The defendant claimed that the selectmen, in carrying out the vote of the town for improving the Daytonville road under the Good Roads Act, had no authority to let out the work of the improvement without competition. The court, after reading to the jury from the case of *Griswold* v. *Guilford*, 75 Conn. 192, 52 Atl. 742, instructed them as follows : " I charge you, therefore, that under the Good Roads law and the construction which our Supreme Court has put upon it in the case which I have just read to you, the selectmen of the town of Torrington had authority to make an oral or written contract for the work contemplated on the Daytonville road. They also had authority to employ men and teams to work on said road, agreeing to pay them a reasonable price for work

Kelley *v.* Torrington.

done or materials furnished, provided the total amount of. the same did not exceed the amount of money appropriated by said town for the doing of said work. Aside from that, however, you will have in the jury room the call for the town meeting authorizing the selectmen to make said improvements and changes in said road."

The case of *Griswold* v. *Guilford* furnishes no authority for the proposition stated. The question there, was whether an improvement and change of grade of a highway, made under the Good Roads Act, was made by the town, so as to render it liable to an abutting proprietor, under § 2051 of the General Statutes, for damages arising from the change of grade. We held that it was. But because the improvement is made by the town, it does not follow that the selectmen may proceed with it as in case of an ordinary repair of a highway. The purpose of the Good Roads Act is to encourage the building or improvement by towns of main highways leading to adjoining towns, of a better character than the ordinary town road. The road provided for must be a macadam, telford, or other stone road, or other road satisfactory to the State highway commissioner and the selectmen. To accomplish its purpose the Act affords State aid to towns which choose to take advantage of it; and to obtain the State aid the town must comply with the provisions of the Act in making the improvement. Those provisions prescribe the duties of the selectmen in providing for the improvement. They must, with the approval of the State highway commissioner, select the highway, or portion thereof, to be built or improved. The commissioner must prepare the plans and specifications for the work, after which the selectmen must advertise for bids to do the work according to such plans and specifications. The selectmen and commissioner have the right to reject any or all bids, if in their opinion good cause exist therefor, but otherwise they must award the contract to the lowest bidder; and a written contract, with bond for its faithful performance in accordance with the plans and specifications, must be executed by the bidder, the selectmen,

and highway commissioner.  Except in two cases the town itself is not permitted to do the work.  When the improvement is to cost less than $1,000 it is discretionary with the highway commissioner to allow the town to do the work without competition ; and, when the work is submitted to competition, if the selectmen desire, in behalf of the town, to do the work, they may, at least one day prior to the time for opening the bids advertised for, submit a bid to the highway commissioner, to be opened by him only after the other bids shall have been opened, and if such bid proves to be the lowest the commissioner may award the contract to the town.  It is only in these two cases that the town can perform the work and obtain State aid.  Unless thus authorized by the commissioner, the work must be done by contract, and let to the lowest satisfactory bidder.  It is in this way that the State, which under the Act is to pay two thirds or three fourths of the expense of the improvement (dependent upon whether the grand list of the town exceeds $1,000,000), guards its treasury from being called upon to share in improper and unnecessary expenditures. The Act is public and mandatory.  The selectmen are bound to obey it, and those dealing with the selectmen are charged with knowledge of the extent of their powers.  If, therefore, the defendant's selectmen were only empowered by it to make the improvements in question under the Good Roads Act, as it claimed to have proved, they were not permitted to let out the work without competition, under either an oral or a written contract, nor to employ men and teams to do the work, agreeing to pay them a reasonable price for the same.

The defendant, therefore, justly complains of that part of the charge above quoted, and also of a later portion wherein the jury were told that if, after Mella & Company's bid was made and accepted, but before any contract was made, " Mella & Company went to work on said job at the instance and request of said board of selectmen, or with the knowledge, consent or approval of said board, or under such circumstances that said board knew or ought to have

Kelley v. Torrington.

known that said Mella & Company were engaged in work on said road," then there was an implied contract that the town would pay a reasonable price for the work. If Mella & Company's bid was in response to the published call for bids, which the defendant claimed to have proved, and which is made part of the finding, they were bound to sign the written contract and specifications, and give a bond for their faithful performance of the work; for those were conditions of the bids fixed by the call, and they could not, by entering upon the work without signing the contract, either with or without the consent or knowledge of the selectmen, make the town liable upon an implied contract for such work as they might perform. This would be as much an evasion of the statute as though no bids had been called for or made. 2 Page on Contracts, § 1048; *McDonald* v. *Mayor*, 68 N. Y. 23; *Inge* v. *Board of Public Works*, 135 Ala. 187, 33 So. 678; *Fox* v. *New Orleans*, 12 La. Ann. 154; *Chippewa Bridge Co.* v. *Durand*, 122 Wis. 85, 99 N. W. 603.

As regards the requests to charge, some of them were mere statements of law in the abstract, without any setting of facts to make them applicable to the case, and the others called upon the court to charge, as established, certain facts which were in controversy and which the defendant had undertaken to prove. The requests were therefore properly refused.

Upon the trial Devincenti, one of the firm of Mella & Company, was asked, against the objections of the defendant, "How much do you owe for work performed on this highway between May 21st and the 6th day of July, for the town of Torrington?" and again: "Did you give anybody any orders on the town?"

The amount which he owed for the work, and the fact that orders had been given upon the town, had no tendency to prove the reasonable value of the work done, or that payment therefor was due. The objections to these questions should have been sustained.

The rulings upon all other questions of evidence upon

which exceptions are based, appear to have been correct, and do not call for further comment.

There is error and a new trial is ordered.

In this opinion the other judges concurred.