EDWARD J. KELLEY *vs.* THE TOWN OF TORRINGTON.

First Judicial District, Hartford, January Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

To entitle an appellant to a new trial upon the ground that the trial court erred in directing a verdict for his opponent, it must appear from the record that there was evidence upon which the jury would have been warranted in finding proven every fact essential to the appellant's case, and also disclose no proved or undisputed fact which was legally inconsistent therewith.

One who fails to perform his contract cannot recover under it, but if he was wrongfully prevented from completing it he may recover for the work done.

The Good Roads Act (Public Acts of 1905, Chap. 232) requires, among other things, that the highway shall be improved pursuant to a written agreement signed by the contractor, the selectmen and the highway commissioner, and that the former shall give a bond for the faithful performance of the work in accordance therewith. *Held* that these requirements were designed for the protection of the State, which was burdened with the larger part of the cost, and could not be ignored or waived by the selectmen of the town.

In the present case *M. & Co.*, who were the lowest bidders, began the work without having signed either the contract or the bond required by statute. One of the partners shortly thereafter retired, and the others were unable to procure a bond; the town would not provide funds to pay the workmen, who thereupon struck, and the contractors then abandoned the undertaking. *Held* that the selectmen were not bound to sign a contract, even had one been tendered to them as claimed by *M. & Co.*, unless accompanied

with a bond; that they had no power to waive the latter, and therefore there was no contract under which, or for a breach of which, a recovery could be had by the contractors, or by an attaching creditor claiming under them.

The cost of straightening and changing the grade of a highway in which there is a street-railway track, devolves upon the town as a part of the expense of the contemplated improvement (General Statutes, § 3824), and upon this newly-established grade, when completed, the street-railway company is bound to relay its tracks at its own expense.

In the improvement of a highway under the Good Roads Act the town is liable only for such work as the Act itself empowers the selectmen to order.

There is no reason why a street-railway company or any one else interested in having a road improved may not properly agree to bear a portion of the town's expense if such improvement is made; although an agreement to contribute in consideration that the town would assume and discharge a burden resting upon the contributor would operate as a fraud upon the State and could not be upheld.

An officer's return stated that the garnishee "failed to disclose that he was indebted" to the defendant. *Held* that this recital was not inconsistent with a disclosure of no indebtedness.

Argued January 5th—decided February 16th, 1909.

ACTION in the nature of *scire facias*, against a garnishee, brought to the Court of Common Pleas in Litchfield County and tried to the jury before *Mathewson, Acting-Judge;* upon motion of the defendant the trial court directed a verdict for it, from the judgment upon which the plaintiff appealed. *No error.*

*Leonard J. Nickerson* and *Homer R. Scoville,* for the appellant (plaintiff).

*Walter Holcomb,* for the appellee (defendant).

THAYER, J. The plaintiff brought his action against William Mella & Company and recovered judgment against them. Claiming to have secured, by process of foreign attachment inserted in his writ, a debt due to that firm from

the town of Torrington, he now seeks, on *scire facias*, to obtain a judgment against the town for the amount of his judgment against the original defendant. The question at issue between the parties upon the trial was whether, at the time suit was brought against Mella & Company, July 19th, 1906, any debt was due to that firm from the town. In the trial court a verdict was directed for the defendant. The plaintiff claims that this was error and that he is entitled to a new trial because thereof.

To entitle him to a new trial the record must disclose that there was evidence from which the jury would have been warranted in finding proven every fact essential to the plaintiff's recovery, and also disclose no proved or undisputed fact which would prevent his recovery.

He claimed to have proved that at the time the town was factorized it was indebted to Mella & Company for work performed in grading and improving one of its highways known as the Daytonville road. At a former trial of the case he claimed that this work was done at the request and by direction of the defendant's selectmen, no price being fixed for the same, and that the town was bound to pay therefor what the work was reasonably worth. *Kelley* v. *Torrington*, 80 Conn. 378, 68 Atl. 855. Upon the present trial he claimed that the work was done under a written contract made with the town pursuant to the Good Roads Act (Public Acts of 1905, p. 432, Chap. 232); that the work was entered upon on May 21st, 1906, and continued until July 6th following, when the firm's workmen struck and the work was abandoned; that Mella & Company were obliged to abandon the work because they were unable to procure any money from the town with which to pay their men, and because they were required to change, straighten and lower the grade of the road-bed, and safeguard the tracks of a street railway which was located upon the highway which was being improved. His claim is that these requirements, and the town's refusal to pay, were wrong-

ful, and prevented the firm from completing the contract and justified their abandonment of it and treating it as rescinded; that they were therefore entitled to compensation for the work actually performed, and that, if not, they were entitled to compensation for the extra work claimed to have been done in safeguarding, straightening and lowering the grade of the railway tracks.

If the plaintiff failed to perform his contract he could not recover under it, but if there was a contract which the defendant wrongfully prevented him from completing, he could recover for the work done. *Connelly* v. *Devoe*, 37 Conn. 570, 576; *Valente* v. *Weinberg*, 80 id. 134, 135, 67 Atl. 369. The defendant claims that no such contract was proved. The statute (Public Acts of 1905, p. 432, Chap. 232) requires that the improvement of highways therein provided for, except in cases where the cost will not exceed $1,000, shall be submitted to competition; that it shall be let to the lowest bidder; that the work shall be done under a written agreement by the contractor to do it in accordance with plans and specifications prepared under the direction of the State highway commissioner; that such agreement shall be signed by the contractor, the selectmen of the town, and said highway commissioner, and a copy thereof filed with the latter; and that the contractor shall give a bond conditioned for the faithful performance of the work in accordance with the plans and specifications and the terms of the contract. These requirements are for the protection of the State, which pays the larger part of the cost of the improvements. *Griswold* v. *Guilford*, 75 Conn. 192, 195, 52 Atl. 742; *Kelley* v. *Torrington*, 80 Conn. 378, 382, 68 Atl. 855. It is important to the State that these requirements of the statute be strictly complied with. These improvements are being made in all parts of the State. The contracts on file with the highway commissioner are evidence at hand as to the cost of the work and the terms upon which it is to be performed. They prevent

any arrangement between the contractors and the officers of the town detrimental to the interests of the State. And the bond, in case the contractor fails to complete his contract, secures the State from loss such as was incurred in the present case if the contractor fails to perform his contract. While the towns nominally make the improvements, their powers and the powers of their officers are prescribed and limited by the statute. Their selectmen have no power to expend for other purposes the money appropriated by the town and State for these improvements, and they have no power to waive any of the requirements of the statute which safeguard the interests of the State and the taxpayers.

Upon the trial the following facts were proved and not disputed: The defendant appropriated $9,000 to improve its highways under the statute in question. The Daytonville road was duly selected as one of its roads to be improved. Calls for bids were duly advertised and Mella & Company were bidders, and the lowest bidders, for the contract. The contract was awarded to them. Supposing that they would be able to furnish the required bond, they at once entered upon the work without having executed either the contract or bond required by the statute. One of the partners shortly after retired from the firm, and the others were unable to procure a bond. The defendant would provide them with no money with which to pay their help, the help struck because they were not paid, and the firm abandoned the work. No contract was ever executed by the firm, the selectmen and the highway commissioner, and no bond was ever given. It was, however, claimed by the plaintiff, but disputed, that the selectmen waived the giving of the bond, and that Mella & Company signed and tendered to the selectmen a contract such as the statute requires, which had been prepared by the highway commissioner when the contract was awarded. He claims that these disputed questions should have been sub-

mitted to the jury. As already stated, the selectmen had no power to waive the giving of the bond, and they were not required to sign the contract, if tendered, unless it was accompanied with the bond. The bond was required as security for the faithful performance of the contract by the contractor, and the selectmen could not be asked to bind the town to the terms of the contract until the contractors also were bound. There was nothing in these claims which could properly have been submitted to the jury.

The record thus shows that there was an entire absence of evidence to go to the jury to sustain the plaintiff's claim that there was a contract between the town and Mella & Company. The contract not being proved, the jury could not be asked to find that anything was due from the town to Mella & Company under it, or for a breach of it.

The tracks of the Torrington and Winchester Street Railway Company were located upon the highway which was improved. The plaintiff claims that Mella & Company did work not called for by the contract and not belonging to the town, in straightening and changing the grade of the road-bed and safeguarding the tracks of this railway. If they did work not belonging to the town to do, the selectmen had no authority to direct them to do it, and the town is not liable for it. *Kelley* v. *Torrington*, 80 Conn. 378, 68 Atl. 855. But the statutes provide that a railway company having its tracks located upon a highway shall not be required to change the grade of any portion of the highway, but that when a town changes the grade of any such highway, the company shall, when the highway is completed, conform the grade of its tracks to the newly-established grade without cost or expense to the town. General Statutes, § 3824. The work of straightening and grading such a highway, while it thus straightens and changes the grade of the railway and furnishes a road-bed

for the relocation of its tracks, falls upon the town and no part of it upon the railway company. The plans which the contractors used in preparing their bids and which are a part of the record, show the location of the railway tracks upon the original highway and their proposed location upon the highway after it should be improved, and show that the only straightening and changing of grade called for is that involved in the straightening and changing the grade of the highway. This the statute places upon the town, and was to be performed by the contractor. It is not extra work, but was included in the bid.

The railway company, as an inducement to the town to select the Daytonville road for improvement, agreed with the town to pay one half of its share of the expense of the improvement, and afterward paid it. It is claimed that this was a fraud upon the State; that the payment was made for changing the grade of the tracks, and that the contractors were entitled, out of this money in the hands of the town, to payment for the work claimed to have been done for the railway company. While such an arrangement as is thus suggested could not be upheld, no good reason is suggested why a street-railway company, a manufacturing company, a driving club, or any other person interested in having a road improved, may not properly agree to bear a portion of the town's expense if such improvement is made. It does not affect the State in any way. The improvement cannot be made with the State's aid unless the highway commissioner approves the selection of the road; and the cost to the State is not affected by the fact that a portion of the town's burden is borne by private individuals. The contract between the town and the railway company is made a part of the record, and disproves the claim that the town undertook to make changes in the tracks which properly belonged to the railway company. As the payment was not for work done by the town or the contractors which belonged to the railway

company, the claim that Mella & Company did extra work for which they were entitled to pay, either from money paid by the railway company or otherwise, presented no question for the jury. As there was thus no evidence to sustain either of the plaintiff's claims, a verdict was properly directed for the defendant.

The appeal raises several questions of evidence which it is unnecessary to discuss, as they do not relate to the facts decisive of the case, already considered, and would only be of interest to the parties in case of a new trial.

It is claimed that the court erred in giving the defendant judgment for costs, upon the ground that it failed to appear in court in the original action and disclose whether it had any effects of the original defendants in its possession or was indebted to them, and failed to excuse itself from so doing by disclosing to the officer at the time the factorizing process was served upon it, as provided in § 882 of the General Statutes. But the finding does not show that the defendant failed to appear in court and disclose, and the officer's return, upon which the plaintiff relies as showing a failure to disclose to the officer, says only that the defendant "failed to disclose that it was indebted" to Mella & Company. This does not prove that it failed to disclose that it was not indebted. It does not appear from the record, therefore, that the judgment for costs was improper.

There is no error.

In this opinion the other judges concurred