ANTONIO VITO *vs.* THE TOWN OF SIMSBURY.

First Judicial District, Hartford, May Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

While municipal corporations cannot be made liable on implied contracts which would be *ultra vires* if made in express terms, or which they are forbidden by statute to enter into except in a particular manner, yet the general obligation to do justice may render a town liable for the reasonable worth of a retaining-wall which it caused to be built as a part of a public highway improvement under what was supposed to be a valid written agreement, but one which the town had failed to properly execute.

In the present case the plaintiff built a highway retaining-wall pursuant to the terms of a writing which purported to be a contract under the Good Roads Act, but which was not executed in behalf of the town in the manner required by that Act. The work, which was properly done and of permanent value to the town, was inspected from time to time during its progress by two of the selectmen, and payments

on account thereof were made by the town; and upon its completion the selectmen offered to pay the plaintiff's bill if he would throw off $100 which he had included for a portion of the wall outside the limits of the town. *Held* that under these circumstances the law would imply a legal obligation upon the part of the town to pay what the wall was reasonably worth, independently of the terms of the statute.

In so far as the provisions of the Good Roads Act (Public Acts of 1907, chapter 264, and of 1909, chapter 135) are mandatory and in the nature of conditions precedent, they must be complied with in respect to contracts which the town is not otherwise authorized to make. But the provision for a written application by the selectmen for a highway improvement is one for the protection of the highway commissioner, which he can waive; while the obligation of the town to proceed with the improvement is not affected one way or the other by an oral application, since it remains optional with the selectmen to execute the contract or not after the bid for the work is accepted.

The Act of 1907, § 1, provides that the selectmen shall be notified of the time and place of opening the bids. *Held* that the failure to give such notice was immaterial if the town was in fact represented at the time and place by its first selectman.

The town also objected that there had been no apportionment of the cost of the improvement, and that therefore there was no liability on the part of the town. *Held* that this objection did not touch the question of liability, but only its extent; and furthermore, that the plaintiff's claim was not based upon the statute, but upon an implied contract to pay the reasonable worth of the retaining-wall.

Argued May 7th—decided July 25th, 1913.

ACTION to recover an alleged balance due for work and labor and materials furnished in building a highway retaining-wall, brought to and tried by the Superior Court in Windham County, *Gager, J.;* facts found and judgment rendered for the plaintiff for $2,103, and appeal by the defendant. *No error.*

The defendant town voted to expend certain moneys for the betterment of its roads, in accordance with chapter 264 of the Public Acts of 1907 as amended by chapter 135 of the Public Acts of 1909. Pursuant to said vote the selectmen orally applied to the highway commissioner for the improvement of the Tunxis Road.

The commissioner proceeded in accordance with the Act, and the plaintiff, being the successful bidder and having complied with all the requirements, was awarded the contract. The selectmen were not formally notified of the time and place for opening the bids, although the first selectman was actually present. The written contract provided for in the Act was duly executed by the commissioner and the contractor, but, on the part of the town, was signed only by the first selectman, and he was informed that his signature only was required. The plaintiff has completed the work called for by the specifications and the contract, including the macadam road proper and the retaining-wall. It does not appear how or by whom the macadam road itself was paid for; the only matter now in dispute being whether the town shall pay the balance due on the retaining-wall. Before the work was finished the plaintiff asked and received from the town $935 on account of the work now in dispute. In completing the number of yards called for by the specifications, the plaintiff extended the wall over the Simsbury line into the town of Bloomfield, and the plaintiff's final bill, as rendered to the town, included $100 for this portion of the work. The defendant's selectmen offered to pay plaintiff's bill, if he would throw off this $100; but the plaintiff refused to do so, and was afterward told that the town owed him nothing. No apportionment of any part of the expense has ever been made to the town by the highway commissioner. It was admitted, and is found, that the plaintiff furnished the materials and performed the work in dispute, that in all respects it was properly done, and that the amount claimed is a reasonable charge.

*Lewis Sperry* and *James E. Hamilton*, for the appellant (defendant).

*Charles E. Searls*, for the appellee (plaintiff).

BEACH, J. The specifications provided in detail for the construction of a macadam road which was to be paid for, as the work progressed, by the highway commissioner. It does not appear whether this part of the work has been paid for solely by the State as a trunk line, or whether the town is liable for its proportion of the same. The only matter with which this action is concerned is whether the defendant town is liable to pay the balance due on account of the retaining-wall, which is separately specified for in detail, and which, according to the specifications and the contract, is "to be paid for solely by the town." The written contract was signed by the first selectman only, and is not the contract of the town. The plaintiff does not rely on the writing, but relies on the claim that the wall was built under a supposed contract with the town; that the town, through its selectmen, had knowledge that the wall was being constructed under a supposed contract that the town would pay for it; that while the work was in progress the town recognized the existence of such an agreement and assented to the continuance of the work by paying $935 on account; that the work itself is a permanent improvement, which has been retained by the town as part of a highway; and that the offer to pay for the wall, except for the portion which extended beyond the town line, was to that extent an acceptance of the finished work on the terms specified in the imperfectly executed contract.

The defendant town, in its answer to the amended complaint, denies that it ever authorized the acceptance of the work, or knew that it was being done for the town, and alleges that the part payment above referred to was made under a separate special contract; but this defense is disposed of by the specific finding of the court that the payment in question was "on account of the work now in dispute," and that the extra work

covered by the special contract has been paid for and is not now in controversy. It was also claimed in defendant's answer that the improvement in question was undertaken by the highway commissioner as a trunk line, for which the town was in no way responsible; but the court has found that the commissioner proceeded under § 1 of the Act of 1907, and so far as the wall is concerned, the papers themselves expressly provide that it is to be paid for by the town.

The defendant town also claims that it cannot be made liable because the work was undertaken under the authority of the Good Roads Acts of 1907 and 1909, which prescribe the manner in which towns may enter into such contracts, and impliedly prohibit them from entering into such contracts in any other manner, and which also prescribe the proportionate amount of the total expense to be paid by the towns.

It is well settled that municipal corporations cannot be made liable on implied contracts which would be *ultra vires* if attempted to be made in express terms, or which they are forbidden by statute to enter into except in a particular manner. *Kelley* v. *Torrington*, 80 Conn. 378, 383, 68 Atl. 855; *McDonald* v. *New York*, 68 N. Y. 23.

On the other hand, there is no reason, in the absence of statutory objection, why the general obligation to do justice should not bind a town so as to make it liable for the reasonable worth of a permanent improvement constructed under an imperfectly executed contract and retained by the town as part of a highway. *Jones* v. *Marlborough*, 70 Conn. 583, 590, 40 Atl. 460; *Argenti* v. *San Francisco*, 16 Cal. 255; *Nelson* v. *New York*, 63 N. Y. 535.

In so far as the provisions of the Good Roads Acts of 1907 and 1909 are mandatory, and are in the nature of conditions precedent, they must doubtless be com-

plied with in respect of contracts which the town is not otherwise authorized to make. *Kelley* v. *Torrington,* 80 Conn. 378, 382, 68 Atl. 855. We do not think, however, that any statutory requirement has been omitted in this case, which is in the nature of a condition precedent to the creation of a contractual obligation on the part of the town. The provision for a written application by the selectmen was properly treated by the trial court as a provision for the protection of the commissioner, which could be waived by him. It is in order to give the commissioner some written evidence of the corporate assent of the town to the particular improvement in question, before he puts the State to the expense of preparing plans and specifications. But the obligation of the town to proceed further in the matter is not affected one way or the other by omitting the formality of reducing its application to writing; for it is still optional with the selectmen to execute the contract or not, after it is awarded. *Glover* v. *Litchfield,* 86 Conn. 486, 86 Atl. 4.

The objection that the selectmen were not notified of the time and place of opening the bids is of no importance, in view of the finding that the town was in fact represented at said time and place by its first selectman.

The other objection, founded on the lack of apportionment, that the town cannot be made liable except for a definite fractional part of the total cost, does not touch the inception of the obligation, but affects only its extent. It is also to be observed that the plaintiff is not seeking to recover upon an implied contract for the construction of an improved highway under the Good Roads Act, the cost of which is to be apportioned between the town and the State. This action is on an implied contract of the town to pay the whole reasonable worth of the retaining-wall. The town did not derive

its sole authority to contract for this retaining-wall from the statute; and may, therefore, subject itself to a liability to pay for it, independently of the statute.

Our conclusion is that the attempted contract for the retaining-wall was not illegal for failure to comply with any necessary statutory prerequisite, but that the only substantial objection is that it was not properly executed. The plaintiff concedes the force of this objection, and avoids it by founding his claim on the implied obligation to pay arising out of all the circumstances. Then the only remaining question is whether the record discloses the corporate assent of the town to take the benefit of the plaintiff's work and materials under circumstances which raise a legal obligation to pay what they are reasonably worth; and on this question we think that the findings of the trial court are conclusive. They show that the work was inspected from time to time by two of the selectmen; that the town paid $935 on account while it was in progress; that the selectmen, after the wall was finished, offered to pay the balance of the plaintiff's bill according to the terms of the improperly executed contract, provided he would throw off $100, being the calculated price of the work done in Bloomfield. The finding of the court, that it was agreed that the town, if indebted at all to the plaintiff, was indebted to him in the sum of $1,934.79, with interest from June 1st, 1911, makes it unnecessary to determine whether the plaintiff could or could not, in the absence of such a finding, recover for that part of the wall located outside of the defendant town.

There is no error.

In this opinion the other judges concurred.