ROSINA DADIO *vs.* GABRIEL DADIO.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued May 12th—decided June 2d, 1937.

*Ellsworth B. Foote,* with whom was *John Clark FitzGerald,* and, on the brief, *David E. FitzGerald,* for the appellant (plaintiff).

*Herbert L. Emanuelson,* with whom, on the brief, was *Arthur T. Gorman,* for the appellee (defendant).

AVERY, J.  The parties to this case are husband and wife, and the present action was brought by the wife against the husband to recover certain payments claimed to have been due under the terms of a written contract between the parties.  The case was tried to the court and judgment entered for the defendant, from which the plaintiff has appealed.  The issue between the parties at the trial was which one breached the contract.  On this appeal, the plaintiff seeks corrections of the finding for the purpose of showing that the contract was breached by the defendant, and the principal question raised is whether the finding is susceptible of such corrections as will necessitate a change in the conclusion of the trial court that the plaintiff failed to perform the contract upon her part and is, therefore, not entitled to recover thereunder.

The facts appearing in the finding so far as they are material may be stated as follows:  The defendant is a man sixty-one years of age, living at 466 Putnam Avenue in the town of Hamden.  For thirty-five years he had been a farmer and truck gardener, and by industry and thrift had accumulated a substantial property.  On February 17th, 1921, he married the

plaintiff. He had been previously married, his first wife having died, and he had two adult children by that marriage. The plaintiff was a widow and had ten living children by her first marriage. Upon the marriage of the parties, she took with her to defendant's home three of her minor children ranging in age from four to twelve years; her other children remained at her former home at 107 Starr Street, Hamden. From the time of the marriage until April, 1928, the plaintiff lived at Putnam Avenue with the defendant during which period he supported her three minor children. On April 15th, 1928, she instituted an action of divorce against him alleging intolerable cruelty. On October 8th, 1929, the parties, each being represented by experienced and competent counsel, entered into a written agreement settling the divorce action and all property matters in dispute between them. By the terms of this agreement it was provided, among other things, that the defendant should convey to the plaintiff a tract of land, then valued at $25,000 or more, subject to his use for five years; and, thereafter, for his life, unless the plaintiff should make a bona fide sale thereof. The agreement further provided that she would live a portion of the time with him giving him reasonable assistance and comfort and her society and that she should be permitted without objection upon his part to live a portion of the time as she might reasonably desire with her children; and, further, he agreed to pay her $20 a week toward her maintenance, she "keeping all the terms of this agreement upon her part to be performed."

Pursuant to this contract, the defendant paid her $20 a week until shortly before Thanksgiving Day, 1934. From April 8th, 1929, until December 12th, 1933, the plaintiff spent two or sometimes three days and nights a week at his home and the remainder of

the week at her own home and that of her children. During a part of this period, the defendant joined her after his work was done, furnished a room in her house for their occupancy and otherwise sought to cooperate, and also paid the agreed $20 a week for her maintenance while maintaining his own home and farm. On December 12th, 1933, the plaintiff was at defendant's home and, as the culmination of a period of indifference, neglect and fault-finding, in a moment of irritation, but with no deliberate intent, the defendant roughly and forceably threw her aside, in consequence of which she was caused to fall and sustained injuries to three of her ribs and to her teeth and gums. Thereafter, she wholly abandoned the defendant and has never resided with him since or in any wise performed her obligations under the contract. The trial court further found that the plaintiff appeared to be a self-seeking, neurotic woman only interested in herself and her children and in the defendant for what she could get out of him; that she failed without just cause to fulfil her contract; and concluded that she was not entitled to recover. The plaintiff sought to change the finding of the trial court by striking out various paragraphs thereof and asking the incorporation of numerous additions, but no correction of the finding is permissible whereby the plaintiff will be materially advantaged.

The contract in evidence is plainly a bilateral contract, providing for certain payments and conveyances from the defendant to the plaintiff and for certain duties to be performed upon her part. It contained mutual and dependent covenants demanding of each of the parties readiness and willingness to perform, and required as a condition of judicial enforcement or redress for breach at the complaint of either such readiness and willingness on the part of the com-

plaining party or a showing of sufficient excuse for their absence. *Lunde* v. *Minch,* 105 Conn. 657, 659, 136 Atl. 552; *Stierle* v. *Rayner,* 92 Conn. 180, 183, 102 Atl. 581. If the plaintiff without fault on her part was prevented by the defendant from completing the contract, she could treat it as rescinded and recover quantum meruit for the work and labor performed under it, or she could bring her action for damages against the defendant for breaking the contract and preventing her performance thereof. *Valente* v. *Weinberg,* 80 Conn. 134, 135, 67 Atl. 369. If the plaintiff failed to perform her contract, she could not recover under it, but if the defendant wrongfully prevented her from completing the contract, she could recover for the work done. *Kelley* v. *Torrington,* 81 Conn. 615, 618, 71 Atl. 939; Amer. Law Institute, Restatement, Contracts, Vol. 1, § 295; Conn. Annot. § 295.

The conclusion of the trial court that the altercation which occurred between these parties on December 12th, 1933, did not justify the plaintiff in failing to perform her part of the contract is, under the circumstances of this case, primarily one of fact depending upon the trial court's determination of what occurred between the parties at that time, and whether it considered that the circumstances were of such a nature as to prevent the plaintiff from performing her agreement under the contract. As the conclusion of the trial court is one which it might have reasonably reached upon the facts found and as the facts found find support in the evidence certified, no basis exists for interference by this court in the conclusion reached.

The appellant has objected to certain findings of the trial court setting forth its impressions based upon the appearance of the parties before him at the trial. The objections to these paragraphs of the finding are without merit. It is the peculiar province of the

trial court to observe the demeanor of the parties and their witnesses and to draw inferences therefrom as to the motives underlying their testimony and conduct. Findings based upon these observations in the courtroom are in the same category as findings based upon a view of premises or property. Such evidence is as properly to be considered by the court in rendering its decision or making its finding as if presented by the lips of witnesses. *Heublein, Inc.* v. *Second National Bank,* 115 Conn. 168, 175, 160 Atl. 898; *Heublein, Inc.* v. *Street Commissioners,* 109 Conn. 212, 218, 146 Atl. 20; *Hurlburt* v. *Bussemey,* 101 Conn. 406, 411, 126 Atl. 273; *Forbes* v. *Orange,* 85 Conn. 255, 257, 82 Atl. 559; *McGar* v. *Bristol,* 71 Conn. 652, 655, 42 Atl. 1000.

In the course of the trial, the court allowed the defendant to amend his answer by setting up as a special defense that the events which occurred on December 12th, 1933, were brought about by a long series of provocations on the part of the plaintiff, and did not justify her in refusing to carry out the contract upon her part. The allowance of such an amendment is within the discretion of the trial court, and there is nothing in the finding to indicate that this discretion was abused in the present case. *Mazulis* v. *Zeldner,* 116 Conn. 314, 317, 164 Atl. 713.

There is no error.

In this opinion the other judges concurred.