[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING MOTION FOR CONTEMPT, MOTION TO MODIFY CHILD SUPPORT AND REQUEST FOR COUNSEL FEES
Plaintiff Geraldine Anne Brown has filed three motions, viz. 1) a motion for contempt, seeking to find defendant Thomas F. Brown in contempt for failure to pay an arrearage of $5,145 accumulated through monthly payments of alimony and child support paid by the defendant on a 4-week-monthly rather than a 4.3-week monthly cycle; 2) a motion to modify the judgment of dissolution to require the defendant to pay for medical insurance for the parties' two minor children through the plaintiff's employer or through any other insurance provider, since such insurance is no longer available through the defendant's employer; and 3) a motion seeking upward modification of child support based upon the child support guidelines and/or a substantial change of circumstances. Plaintiff also seeks via oral motion a finding of contempt for defendant's alleged failure to comply with a subpoena duces tecum. Furthermore, the plaintiff requests attorney's fees attendant to the two motions for contempt, and interest on the $5,145 arrearage.
The defendant has filed a motion for modification of child support. However, the defendant has elected not to pursue his motion. CT Page 769
I. Motion for contempt Based Upon Arrearage
After hearing the court finds that the defendant's accumulation of the $5,145 arrearage is due to good faith inadvertence resultant from monthly payments of child support based upon a 4-week rather than a 4.3-week monthly cycle. In this regard the court notes that the plaintiff accepted the payments, without protest over a considerable time-frame, until recently. Furthermore, the defendant has acknowledged the mistake in payments and has indicated a willingness to correct his error. Connolly v. Connolly, 191 Conn. 468, 483 (1983). Accordingly, the court does not find the defendant in contempt.[1]
II. Motion to Modify Judgement Re: Providing Insurance for Minor Children
The judgment of dissolution contains the following provision:
 It is ordered that the defendant/husband maintain medical insurance, as is available to him through his place of employment, for the benefit of the children, Heather and Greg, for as long as each is eligible. It is ordered that the parties split all unreimbursed medical and dental expenses for the minor children 50/50.
While employed as Assistant Vice-President of Telecommunications at Connecticut National Bank, hereinafter CNB, defendant Thomas Brown carried Heather and Greg as insureds on the medical insurance policy available through his employer. In March of 1989 the defendant left his employment at CNB and started a new small business, Comptech, Inc., of which he is a 50 percent owner. The defendant is one of two persons working for Comptech, Inc., in carrying out its business, to wit: the supply and installation of commercial wiring for computers and telephones. Comptech, Inc., does not make medical insurance available to either the defendant or his partner.
Sometime after defendant's March 1989 separation from CNB, Plaintiff, Geraldine Anne Brown, a CNB employee, placed the minor children on her health insurance coverage at CNB. The defendant paid the minors' premiums for this insurance by reimbursement starting on July 1, 1989 and for each month thereafter until July of 1991 when the defendant issued the final reimbursement check. The total reimbursement was $2,323.86. Contemporaneous with the filing of various motions in this case, including a July 1, 1991 motion for contempt, the defendant ceased making voluntary reimbursement payments for the minors' health insurance coverage. CT Page 770
In her July 1, 1991 motion for modification, plaintiff Geraldine Anne Brown requests that the judgment of dissolution be changed so as to order defendant Thomas Brown ". . . to pay for medical insurance available through his employer or through his [current] wife's employer or through any other individual or group program which will provide coverage as now available."
The court defers further discussion of this motion to a later point in this memorandum.
Child Support Guidelines
Connecticut General Statutes Section 46b-86(a) authorizes the Superior Court to modify an order of child support upon a substantial change in circumstances of either party ". . . or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a . . . ." By authority of Connecticut General Statutes Section 46b-86, as amended by Public Act 91-76, 1, a deviation in the amount of an existing support order by fifteen percent or more less than the amount set out in the guidelines creates a rebuttable presumption of a substantial guideline deviation for the purpose of modifying an existing child support order.
Plaintiff seeks to modify the existing $225 support order based upon her claim of a substantial change in circumstances and that the present child support order deviates substantially from existing guidelines proscribing child support.
Combining plaintiff's net employment income of $239.43 (exclusive of the $225 received in child support) with the $32.56 rental income received from her brother produces for her a net weekly income of $271.99. Adding the $956.81 net income, reflected on defendant's September 10 financial affidavit, to plaintiff's income produces a net family income of $1,228.80. The child support guidelines would require the defendant at this level to pay weekly child support of $375. This $375 amount represents more than a 15 percent guideline deviation.
During his testimony, the defendant produced a financial affidavit which he executed on September 25, 1991. This affidavit shows weekly net income of only $636.32. Defendant's counsel explained that the September 10 affidavit was prepared in error by another member of his law firm, and that the September 25 affidavit is the accurate one. In substantiation of this September 25 affidavit the defendant introduced a 1991 payroll ledger which purportedly shows all of his payroll income and deductions from January 3 to September 3. Several of the CT Page 771 entries on the ledger show once per month payroll checks.
The payroll ledger reveals that the defendant's income stream from his business is not even. A review of all the entries on this ledger discloses defendant's average net weekly income as $780.26 rather than the $636.32 amount stated on the September 25 affidavit.
Application of the child support guidelines at defendant's weekly net income level of $780 and plaintiff's of $239 would produce for the defendant a weekly child support obligation of $325, demonstrating that the current order deviates substantially from the guidelines.
After considering the evidence adduced in this case, the court finds the defendant unconvincing in his testimony that his income at the time of the hearing of this matter was not higher than the $636.32 per week figure on his September 25 financial affidavit. The defendant is self-employed. He executed two financial affidavits. His take home pay is in meaningful part a product not only of his energy and budgetary constraints, but also his participation in deciding the particular amount of salary which he and his partner shall receive on a periodic basis. The defendant testified that although presently they are experiencing some lean times, they have shared a year-end bonus in past times. Furthermore, the court finds the conflict between the ledger and the September 25 financial affidavit troubling, especially in view of the testimony that the ledger was supportive of the September 25 financial affidavit. Income recorded in the ledger moves the defendant's income in the direction of the amount stated in his September 10 financial affidavit.
Upon considering the foregoing evidence, and the demeanor of the witnesses, and inferences therefrom, Dadio v. Dadio,123 Conn. 88, 93 (1937), as well as the statutory criteria mandated by Connecticut General Statutes Section 46b-215(b)(b), the court finds that the appropriate weekly amount which the defendant should pay as child support is $325.
Request for Insurance Coverage
The authority of the Court to modify an order affecting insurance coverage post judgment is governed in substantial part by the statutory language as to support modification, set out in Connecticut General Statutes Section 46b-86(a).
 Unless and to the extent that the decree precludes modification, any final order for the periodic payment of . . . support may at any time thereafter be . . . CT Page 772 altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order of child support substantially deviates from the child support guidelines . . . .
The Court has reviewed the statutory authorities and criteria germane to the obligations of parents to support their children, as well as the distribution of marital assets in the dissolution action. See Conn. Gen. Stat. 46b-84, 46b-86, et seq. Conn. Gen. Stat. 46b-84(d) authorizes the Superior Court in a post-judgment proceeding to ". . . inquire into the child's need of maintenance and the respective abilities of the parents to supply maintenance." Furthermore, this statute directs the Court to ". . . make and enforce the decree for maintenance of the child as it considers just . . . ."
The Court having reviewed the evidence finds that in the context of the facts of this case, it is appropriate and equitable to order the defendant to contribute $15.00 per week toward the cost of providing medical insurance for the minor children. The Court views this contribution as being in the nature or providing support for the minor children. The plaintiff can apply this amount toward reimbursement of premiums which she pays for the minors' insurance coverage which is available through her employer. This court leaves undisturbed the requirement in the judgment of dissolution that the parties share equally all unreimbursed medical and dental expenses of the minor children.
Retroactivity of New Support Order
Retroactivity of the new support order is governed by Conn. Gen. Stat. 46b-86(a). The court finds it equitable to limit the retroactivity of the new child support order to November 15, 1991. The arrearage caused by the retroactivity of this Order shall be paid at the rate of $10.00 per week.
Payment of Arrearage With Interest
The plaintiff seeks interest on the $5,145 arrearage. The Court awards six (6%) percent interest.
The arrearage, with interest, shall be paid in six equal monthly installments, commencing no later than February 15, 1992.
Allocation of IRS and State Exemptions
The parties have requested an allocation of exemptions for the minor children. The court allocates the IRS and State CT Page 773 exemptions as follows:
 1) Plaintiff, Geraldine Anne Brown, is entitled to take the minor child Heather Jean Brown as an exemption on her federal and state income tax returns; and
 2) Defendant, Thomas F. Brown is entitled to take the minor child Greg Alden Brown as an exemption on his federal and state income tax returns.
Each party shall execute forthwithly the appropriate documents to facilitate the claiming of the aforesaid exemptions.
Attorney's Fees
In accordance with the provisions of Conn. Gen. Stat.46b-62, the Court has considered plaintiff's request for counsel fees related to her efforts to collect the underpayment of and to obtain an increase in child support. In this regard, counsel fees in the amount of $700 are awarded to the plaintiff.
JONES, J.