[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
On or about February 13, 1996, the plaintiff and the defendant entered into an agreement whereby the plaintiff was to provide four "cycles" of classes to trainees selected and provided by the defendant.
The plaintiff was to receive the sum of $14,900.00 payable in four installments.
The agreement was executed by one John Johnson, Director of Social Services of the defendant city at the time.
The plaintiff performed the first two cycles and was paid the first two installments, but immediately prior to the start of the third cycle, the defendant cancelled the classes and has refused to pay the balance due.
The defendant has interposed a special defense in which it alleges that Mr. Johnson lacked the power to contract on behalf of the city and therefore it is not bound by the agreement.
The plaintiff points to the defendant's payment of the first two installments as evidence of ratification of Johnson's action by the defendant. CT Page 5743
 DISCUSSION
It is undisputed that the required procedures to implement a valid contract with the city were not followed and that Johnson did not have the authority to bind the city.
However, the city selected and provided the trainees, designated the location of the classes, and made the first two required payments. These payments were made by a city official authorized to make payments and came out of the social services budget.
The cancellation by the defendant came on a Friday, with the third cycle ready to commence on the next Monday. The plaintiff had prepared for the start of that cycle by hiring trainers, obtaining videos, and having materials printed.
The City's legal argument is flawed because of its apparent confusion between actions taken ultra vires and actions taken illegally.
In Pepe v. New Britain, 203 Conn. 281 (1987) at page 293 this distinction and its consequences are discussed:
 "Contracts beyond the powers of a municipality are void." Sheehan v. Altschuler, 148 Conn. 517, 526, 172 A.2d 897 (1961). When an action of a municipal corporation is ultra vires because it represents an attempt to exercise powers the city does not possess, the doctrine of estoppel will not be applied to hold the city to promises made. The reason is that the city "cannot do indirectly what [it] cannot [do] directly and [if] no power or authority [is] vested by law . . . no [ultra vires act of the city, or its officers or agents,] can be cured by aid of the doctrine of estoppel." Edwards v. Kirkwood,
147 Mos. App. 599, 615, 127 S.W. 378 (1910) . . ."
The defendant does not claim (and cannot!) That it did not posses the power to enter into a contract for services, such as the one in dispute.
And, Pepe goes on to say:
 "Where the contract is one which the municipality had the power to make, [however,] it is possible for a court to hold that the municipality has, by taking the benefit of the contract, ratified it, or estopped CT Page 5744 itself from claiming it was not executed according to law."[7] Bridgeport Brass Co. v. Drew, 102 Conn. 206, 215, 128 A. 413 (1925); SEE Vito v. Simsbury, 87 Conn. 261, 265, 87 A. 722 (1913); Rocky Hill v. Hollister, 59 Conn. 434, 447, 22 A. 290 (1890); see also John J. Brennan Construction Corporation, Inc. v. Shelton, 187 Conn. 695, 712, 448 A.2d 180 (1982); State ex rel. Gaski v. Basile, 174 Conn. 36, 40, 381 A.2d 547 (1977). "A contract, invalid because made at a special meeting of which certain members had no notice, but which is legitimate and proper and within the scope of the council's power, will be enforced against the city where it has received the benefit of the contract . . ." 1 J. Smith, Commentaries on the Modern Law of Municipal Corporations (1903) § 745, p. 746; see also Hitchcock v. Galveston, 96 U.S. 341, 351, 24 L.Ed. 659 (1877).
Id, p. 293-294.
This precisely describes the situation confronted here. The fact that Mr. Johnson lacked the authority to contract for the defendant does not render the contract ultra vires. And, the defendant city, having enjoyed the benefits of the contract and induced the plaintiff, relying on the city's participation and payments to incur expenses, is estopped from claiming an invalid execution.
 CONCLUSION
The balance due on the contract was $7,430.00, while the plaintiff offered evidence that its expenses incurred for the cancelled two phases was in the same amount.
Judgement may enter for the plaintiff to recover of the defendant the sum of $7,430.00, plus interest from March 25, 1996 (the date of the commencement of the third phrase) in the amount of $3,095.84.
The plaintiff is entitled to its taxable costs.
Anthony V. DeMayo, J.T.R.