## J. ERNEST ROUSSEAU ET AL.
*vs.*
## WILLIAM H. MORTENSEN

Superior Court      Hartford County      File No. 73058

File No. 73058

MEMORANDUM FILED MARCH 20, 1945.

*Leon RisCassi*, of Hartford, for the Plaintiff.

*Frank Covello*, of Hartford, and *Samuel H. Aron*, of Hartford, for the Defendant.

INGLIS, J. On March 8, 1945, the defendant, mayor of the City of Hartford, presented to the plaintiffs, who are members of the Zoning Board of Appeals for said city, certain charges in writing and gave them notice to appear before him and four members of the Common Council on March 16, 1945, to show cause why they should not be removed from office for cause. That hearing has since, by agreement, been continued to March 26, 1945. The plaintiffs now seek a temporary injunction restraining the mayor from holding that hearing.

In this matter the mayor claims to be acting pursuant to section 47 of the charter of the city (Special Laws, 1941, No. 547, p. 1216). That section reads as follows: "Sec. 47 Removals. The mayor of said city of Hartford, by and with the advice and consent of any four members of the court of common council, may remove for cause any member of said boards or commissions whose appointment is made by the mayor under this charter, but, before any commissioner shall be removed, charges against him shall be presented to him in writing, and he shall be given reasonable opportunity to be. heard in his own defense." The board of zoning appeals is one of the boards which under the charter is appointed by the mayor.

The plaintiffs rest their case largely on the provision of a certain ordinance enacted by the Court of Common Council of the city. This ordinance appears as section 493 of the 1931 charter and revised ordinances and has recently been reenacted in the municipal code which became effective on January 5, 1945, where it has become section 4 of chapter 14. This ordinance appears in a chapter entitled "Misfeasance in Office" and reads as follows: "Procedure against city officers. Any citizen may prefer a charge against any city officer for corruption or misfeasance in office; such charge shall be in writing over the signature of the person making the same, and verified by oath, and shall be directed to the judge of the city court. Said judge may hear such witnesses as shall be produced by the complainant and respondent, and may hear counsel, and give judgment according to the facts, and certify such judgment to the mayor. The mayor, upon receiving from the judge of the city court a certificate that any city officer has been guilty of corruption or misfeasance in office, shall forthwith issue his order removing such officer from office and such officer shall thereby be removed from office." The gist of the plaintiffs' claim is that this ordinance must be read with section 47 of the charter in such a way as to require the mayor to get the adjudication of the judge of the City Court before he removes any officer. The contention is that the method which must be followed to give the officer a "reasonable opportunity to be heard" as provided in the charter is to give him such a hearing as is prescribed in the ordinance.

The main question to be decided, therefore, is as to whether that contention is valid or, as contended by the defendant, the method of removal provided for in the charter is separate and distinct from that provided in the ordinance so that proceeding may be had under the one without reference to the other. This is purely a question of interpretation of the two provisions.

In the first place, it must be noted that the ordinance does restrict the mayor in the exercise of his power of removal. It not only limits the exercise of that power to cases in which the judge of the City Court has found due cause, although the charter on its face would seem to leave the decision as to whether there was cause to the determination by the mayor and four council members, it also makes it compulsory upon the mayor to remove when cause is found by the judge whereas

the charter seems to leave the mayor some discretion. It is, of course, not competent for an ordinance to modify the provisions of the charter. Any ordinance which purported to do so would be invalid. An ordinance will not be construed in such a way as to make it invalid if by any other possible construction it would be valid. The plaintiffs themselves suggest that the provision of the ordinance which purports to compel the mayor to follow the finding of the judge of the City Court is invalid for that reason, and admit that in order to read the ordinance as operating in conjunction with the charter that provision of the ordinance must be discarded. That provision, however, is of the very essence of the ordinance. It is what makes the ordinance operative. Without it the finding of the judge would have no effect and would serve no purpose. So far as the ordinance itself is concerned, the whole and only purpose of a hearing before the judge is to permit him to make a finding which shall be binding on the mayor and compel the mayor to remove the officer if the judge finds that there has been corruption and misfeasance. In other words the whole ordinance stands or falls together or at least it was clearly the intention of the council which enacted it that it should. The fact, therefore, that under the interpretation put upon it by the plaintiffs a substantial part of it, the very meat of it, would fall as invalid is quite good evidence that their interpretation is not the correct one.

The charter provision in substance, at least so far as it relates to some appointive officers, and the ordinance in practically its present form have coexisted since some time prior to 1872. The defendant does not claim that they are inconsistent. Can each of them *in toto* be reconciled with the other? Obviously they can when viewed in the light of several considerations. They can be reconciled if they are regarded as providing two separate and distinct and at the same time, at least in part, concurrent methods of removal from office.

That under similar circumstances two such separate and concurrent methods may be provided by law is well recognized in the authorities. 2 *McQuillin, Municipal Corporations* (2d ed. 1939), §578, pp. 431, 433; *Sullivan vs. Martin,* 81 Conn. 585. It appeared in the *Sullivan* case that the New Haven charter provided for the removal of appointive officers by the mayor in much the same way as is provided in the Hartford charter and also provided for a removal of officers by the

Superior Court upon the complaint of twenty freeholders. It is pointed out that the former method was an exercise of an executive function apparently as distinguished from the latter, as the exercise of the judicial function. In any event it was plain that the court did not consider the existence of the judicial proceeding prevented the exercise of the executive function.

It is important to note that there is nothing in section 47 of the Hartford charter which authorizes the Court of Common Council to adopt any ordinance to implement it. Indeed there is nothing in the section to indicate that the Legislature intended that the Court of Common Council as such (except of course that it is required that four members of the Council consent to the removal) shall have anything to do with the proceedings to remove. Accordingly the authority of the Council to adopt the ordinance in question must be sought for elsewhere. It is found in section 5, subdivision (y), which provides that the Council may enact ordinances "to provide for the removal or expulsion of any officer on account of corruption or malfeasance in office." It is clear, therefore, that the two procedures for removal, the one by the mayor and four members of the Common Council and the other by the mayor but only on a finding by a judge of the City Court, stem from two separate and distinct provisions of the charter. This in itself is strongly indicative of the fact that the two procedures are themselves separate and distinct.

Again it should be pointed out that the two do not cover exactly the same ground. For one thing, they are instituted in two different ways, the one can be originated by only the mayor, the other by any citizen. For another, the procedure provided by section 47 of the charter applies only to such members of boards and commissions as have been appointed by the mayor, whereas the ordinance applies to all officers of the city government. And for still another, the section of the charter permits removal for cause, the ordinance permits it only for corruption or misfeasance in office. These are two different grounds. Of course, corruption or misfeasance is a cause for removal. But cause for removal is not limited to those particulars. Cause for removal embraces many other things such as incompetence or bad character not necessarily amounting to corruption. In the main it embraces every cause which the removing authority in reason deems adequate provided it affects the proper administration of the office. *McNiff*

*vs. Waterbury,* 82 Conn. 43; 2 *McQuillin, Municipal Corporations* (2d ed. 1939), §579, p. 437. Not being coterminous in their operation it must be that the section of the charter and the section of the ordinance were intended to operate separately from each other.

Still again, section 47 of the charter has enough in it to make it self-operating. All that is required by the law for the removal of an appointive officer for cause is that he be reasonably apprized of the charges against him and be given a fair hearing. *Avery vs. Studley,* 74 Conn. 272; *State ex rel. Williams vs. Kennedy,* 75 *id.* 704, 707; *Sullivan vs. Martin,* 81 *id.* 585. These requirements are secured by the section. If the ordinance were not in existence at all there would be no question but that section 47 would be self-sufficient. There would be no question but that the mayor with the advice and consent of four members of the Council, after presenting charges and holding a hearing before themselves, would themselves determine whether there was cause for removal, and, if they found it, then they themselves might remove the officer from office. This section, therefore, providing as it does, in itself, full and adequate machinery to accomplish a removal with all of the safeguards to the officer which the law requires, needs no implementing. It certainly needs no additional provision for a hearing before someone else. It is therefore difficult to believe that when the Council by ordinance provided for a hearing before a City Court judge in situations quite different from those which would ordinarily arise under section 47, it intended to compel that procedure as an adjunct to the procedure provided for in section 47.

On the whole, therefore, it must be concluded that the procedure for removal provided for in section 47 of the charter is separate and distinct from that set up in the ordinance, that each procedure may be pursued in an appropriate case without reference to the other and that, therefore, the existence of the ordinance offers no ground to enjoin the mayor from proceeding, as he threatens to do, under section 47 of the charter.

The application for a temporary injunction is denied.