BOROUGH OF WALLINGFORD v. TOWN OF WALLINGFORD

SUPERIOR COURT       NEW HAVEN COUNTY       FILE NO. 68969

Memorandum filed March 23, 1948

*William F. Wrynn* and *Robert P. Billings,* of Wallingford, for the Plaintiff.

*Louis Boyarsky,* of Wallingford, for the Defendant.

SHEA, J. The borough of Wallingford is a municipal corporation located within the territorial limits of the town of Wallingford. The borough, acting under authority of its charter, maintains a police department with headquarters in the town hall.

The town of Wallingford has no regularly organized police department. For a number of years it has been the practice of the selectmen of the town to appoint as special constables some of the borough policemen. On November 8, 1945, in accordance with this practice, the selectmen of the town appointed as special constables to preserve the public peace within the town certain persons all of whom were members of the police department of the borough of Wallingford. The appointments were made under the provisions of § 310 of the General Statutes so that the terms of the appointments were limited to six months.

While considering the budget of the town of Wallingford for the year 1946, the board of finance was requested by the first selectman to provide for an appropriation in the amount of $11,000 for the purpose of creating a police department in the town of Wallingford. When the public hearing on the proposed budget was held by the board of finance, Mr. Ulbrich, the warden of the borough of Wallingford, appeared before the board of finance and urged the board to recommend to the town meeting an appropriation of $15,000 to be made in the form of a

contribution to the borough for police protection in the town. Subsequently at a later meeting Mr. Ulbrich indicated to the board of finance that an appropriation of $5,000, to be made by the town as a contribution to the borough for police protection in the town, would be satisfactory to the borough.

At its annual meeting held on February 5, 1946, the town of Wallingford, acting upon the recommendation of its board of finance, passed the following appropriation: (Item 23) "Contribution to the Borough; Police Protection $5,000."

In July, 1946, the warden of the Borough learned that the selectmen of the town had not appointed any special constables to act in the town since November 8, 1945. The warden took the matter up with the first selectman who indicated that the selectmen did not intend to appoint special constables at that time. Thereafter the warden communicated with the sheriff of the county of New Haven and requested him to appoint as special deputy sheriffs the members of the police force of the borough of Wallingford to act within the town of Wallingford. Subsequently the sheriff of the county of New Haven did appoint as special deputy sheriffs the members of the police department of the borough for the purpose of exercising their police powers within the town of Wallingford. The appointment of these special deputy sheriffs was made under the provisions of § 232 of the General Statutes.

From time to time the members of the borough police department did police work outside of the borough limits in the town of Wallingford during the year 1946. In doing so they acted under direction of the chief of police of the borough who received his instructions from the officials of the borough. The amount and extent of such work was not established in the evidence.

The borough of Wallingford has made demand upon the town of Wallingford for the payment of the $5000 which was appropriated by the town at its annual meeting in February, 1946, to be made in the form of a contribution to the borough for police protection. The board of selectmen, acting upon the advice of the town counsel, has refused payment.

The question presented is whether or not the town is obligated to the borough under the facts presented in this case. The borough insists that the town is liable for police services provided by the borough on the ground that there was an implied

contract upon the part of the town to pay for such services. The town of Wallingford, on the other hand, denies the existence of any such contract.

First of. all, the application to the sheriff of New Haven County for the appointment of special deputy sheriffs in the town of Wallingford was made by the warden of the borough. Obviously the warden had no authority to act in the name of the town of Wallingford and his request to the sheriff did not authorize this latter official to make the appointments of special deputy sheriffs under the provisions of the statute. These appointments were, therefore, invalid and of no force or effect.

The authority of municipal corporations to enter into contracts which are not expressly authorized under their charters has been widely discussed. Municipal corporations can exercise no powers except such as are expressly granted to them, or such as are necessary to enable them to discharge their duties and carry into effect the objects and purposes of their creation. *New London* v. *Brainard,* 22 Conn. 553; *Booth* v. *Woodbury,* 32 Conn. 118; *Keegan* v. *Thompson,* 103 Conn. 418, 421. Municipal corporations are more strictly limited in respect to their implied power than private corporations. The test of their right by implication to exercise any particular power is the necessity of such power, not its convenience. If there is reasonable doubt as to the existence of the power, it does not exist. *Pratt* v. *Litchfield,* 62 Conn. 112, 118; *Dailey* v. *New Haven,* 60 Conn. 314, 319; *Crofut* v. *Danbury,* 65 Conn. 294, 300. This rule is one of great public utility and the court should recognize and enforce it as a safeguard against the tendency of municipalities to embark upon enterprises which are not germane to the objects for which they are incorporated. *Dailey* v. *New Haven,* supra. Any doubt or ambiguity arising out of the question as to whether or not a municipal corporation has certain powers by implication must be resolved in favor of the public. *Minturn* v. *LaRue,* 64 U. S. 435, 436; Sutherland, Statutory Construction, § 380.

It is a well settled rule of law that municipal corporations cannot be made liable or implied contracts which would be ultra vires if attempted to be made in express terms, or which they are forbidden by statute to enter into except in a particular manner. *Kelley* v. *Torrington,* 80 Conn. 378, 383; *Vito* v. *Simsbury,* 87 Conn. 261, 265.

In addition to the other general powers which have been granted to towns, the state has conferred upon the towns certain additional authority under the provisions of § 390 of the General Statutes. Here the state authorizes towns to adopt by-laws on a number of various subjects

It is interesting to observe the history of this statute. It was first enacted under Chapter 319 of the Public Acts of 1915 and was entitled "An Act providing for Home Rule in Towns, Cities, and Boroughs." Thus it became known as the "Home Rule Act." Originally the law gave to towns authority to enter into contracts with adjoining municipalities or subdivisions thereof for the furnishing of water, police or fire protection. Later by amendment the specific authority for such contracts was omitted from the statute. It cannot be assumed that such a change when made by amendment was made without design. *Stamford* v. *Stamford,* 107 Conn. 596, 606; 2 Lewis' Sutherland, Statutory Construction (2d Ed.) §§ 401, 403.

The legislature may have been prompted to take away this authority to contract for many reasons but with these we need have no concern at this time. It is sufficient to say while the Home Rule Act originally gave the towns authority to enter into such contracts, they no longer possess this right under the law.

Further reference to the provisions of § 390 indicates special restrictions imposed upon those towns which have within their limits any incorporated cities or boroughs. For example, traffic regulations made by such towns are superseded by the rules or ordinances of the city or borough included within the limits of the town.

Under this same § 390, towns have the power to make by-laws or ordinances relating to contracts providing for police protection but this authority is withheld from those towns which have within their limits any incorporated cities or boroughs. Thus it appears that the town of Wallingford did not have authority to enter into a contract with the borough for the furnishing of police protection.

The borough makes the further claim that since the town has induced the borough to furnish these services and has accepted the benefits of the services, the town is now estopped to deny the validity of the services or the contract under which they were furnished. This claim cannot be supported. If the contract is beyond the scope of the powers of a corporation it is void ab

initio and no subsequent acquiescence can validate it. It is like a still-born child, it lacks any element of life that may be fostered into active force. Beach, Public Corporations, § 248. Municipal corporations cannot be made liable on implied contracts which would be ultra vires if attempted to be made in express terms. *Vito* v. *Simsbury,* supra.

Beyond this the borough also makes the claim that the town is liable on the ground that this implied contract has been ratified by the town at its annual meeting of 1947 where the budget adopted by the town contained appropriations for the payment to the borough for police services for the years 1946 and 1947. This position is untenable. If the contract is beyond the scope of the corporate powers conferred upon a public corporation there can be no ratification or estoppel. *Loomis* v. *Fifth School District,* 109 Conn. 700, 703. Where the contract is one which the municipality has no power to make it is impossible to see how a court can say that the municipality has made such a contract by ratification or that it ought to be enforced as a contract against the municipality. *Bridgeport Brass Co.* v. *Drew,* 102 Conn. 206, 216.

The issues are found for the town of Wallingford. Enter judgment accordingly.