FRANCIS L. FAHY ET AL. *v.* TOWN OF TRUMBULL ET AL.

SUPERIOR COURT   FAIRFIELD COUNTY AT BRIDGEPORT   FILE No. 110923

Memorandum filed April 26, 1960

*Curtis, Buckley & Hilgendorff,* of Bridgeport, for the plaintiffs.

*Clancy & Kenney,* of Bridgeport, for the defendants.

MACDONALD, J.   This is an action brought by the individual members of the civil service board of the

town of Trumbull against the town of Trumbull, a municipal corporation, and the prosecutors of its Town Court, claiming, first, a judgment declaring that an ordinance adopted on January 25, 1960, by the representative town meeting of Trumbull and forbidding, under penalty, members of the civil service board from engaging in "political activity" is invalid; and, secondly, an injunction restraining the defendants from enforcing the ordinance. The complaint attacks the ordinance on three grounds: (1) that the defendant town had no authority to enact an ordinance restricting the plaintiffs' exercise of political activity, (2) that the ordinance prohibits the exercise of constitutional rights, and (3) that the ordinance is too vague. The second ground has been abandoned, and plaintiffs have relied in argument principally upon the first ground.

The facts necessary for our consideration are undisputed and have been stipulated to be as follows: The defendant town is a municipal corporation created by the General Assembly. Its legislative authority is embodied in a representative town meeting under the provisions of Special Act No. 27 of the January, 1953, Session of the General Assembly, as amended. 26 Spec. Laws 704, No. 27, as amended, 27 Spec. Laws 639, No. 662; 28 Spec. Laws 77, No. 56; 29 Spec. Laws 47, No. 2. On July 1, 1959, the defendant town adopted a merit system for town employees under part 1 of chapter 113 of the General Statutes, and the three named plaintiffs were thereafter duly appointed, and are presently serving, as members of the civil service board contemplated by chapter 113. On January 25, 1960, the representative town meeting of the town of Trumbull, at a meeting duly called for the purpose, and with a quorum present throughout, enacted the following ordinance, effective February 8, 1960; "BE IT RESOLVED, ENACTED AND ORDAINED AS FOLLOWS: 1. No person who

has been appointed to the Civil Service Board or the Personnel Appeals Board of the Town of Trumbull shall engage in political activity during his term of office on said boards. 2. Political activity shall include for purposes of this ordinance the following: (a) Holding office as a member of any committee of any political party. (b) Campaigning for the election of any candidate for political office in government or in a political party organization. (c) Making or soliciting financial contributions to any political party organization. 3. Any person who violates this ordinance may be fined not more than $25 for each violation." The plaintiffs Francis L. Fahy and Edward M. Keefe, in addition to being duly appointed members of the civil service board of the town of Trumbull, are also members of the Democratic town committee of said town.

Originally, plaintiffs sought a temporary injunction restraining enforcement of the ordinance in question pending decision of the issues presented, but abandoned such claim upon defendants' written assurance that no action would be taken under the ordinance until such time as these issues are decided by the court. The question which would appear to determine the issues raised is as to whether or not the town of Trumbull, through its representative town meeting or otherwise, had the authority, either express or implied, to enact the ordinance.

The special act creating the Trumbull representative town meeting (Spec. Act No. 27, Jan. Sess., 1953, as amended) gives it no new legislative powers which the town did not already have, and since Trumbull had no charter, it is necessary to examine the general statutes and court decisions to determine the town's legislative powers. As summarized in 2 McQuillin, Municipal Corporations (3d Ed.) § 10.09: "A municipal corporation is a creature of the law established for special purposes and its cor-

porate acts must be authorized by its charter, or other laws applicable thereto. Excluding the question as to the existence of so-called inherent powers of a municipal corporation, the powers of a municipal corporation include (1) powers expressly conferred by the constitution, statutes or charter; (2) powers necessarily or fairly implied in, or incident to, the powers expressly granted; and (3) powers essential to the declared objects and purposes of the municipality, the latter often being classified as among the implied powers. *This enumeration of powers is exclusive and no other powers exist, the rule being so well settled without dissent that it is deemed a waste of space to do more than to refer to a few of the later decisions so stating the rule . . .*" (italics supplied). It should be pointed out briefly at the outset that what McQuillin has referred to as the "inherent powers of a municipal corporation" do not exist in Connecticut towns. See *Baldwin* v. *North Branford,* 32 Conn. 47, 54; *Booth* v. *Woodbury,* 32 Conn. 118, 124; *Webster* v. *Harwinton,* 32 Conn. 131, 136-139; *State ex rel. Bulkeley* v. *Williams,* 68 Conn. 131, 149, aff'd, 170 U.S. 304; 30 Conn. B.J. 376, 385 n.77.

Apparently, as claimed by the defendants, the source of the ordinance making power of the town of Trumbull is chapter 98 of the General Statutes, and more specifically § 7-154, which provides: "Any town may make ordinances concerning matters not regulated by statute, which ordinances may provide for the imposition of a fine not exceeding twenty-five dollars for any violation thereof." The scope of this statute (then Rev. 1918, § 411) as a claimed general grant of legislative authority was discussed by our Supreme Court in *Keegan* v. *Thompson,* 103 Conn. 418, involving the power of the town of Thompson to compensate members of its school committee. The following language appeared at page 423: "Coming

to the precise question whether the town of Thompson is expressly empowered by statute to compensate its town school committeemen for the performance of their official duties, we are of opinion that § 411 of the General Statutes, printed in the footnote, does not expressly, or by necessary implication, confer such a power. It cannot be so construed except on the theory that it was intended by the General Assembly as a general grant of legislative power, subject to the limitations expressed; and that such was not the intent of the General Assembly is manifested by the fact that while § 411 is an ancient Act, the statute book is full of subsequent grants to the towns of specific powers to pass by-laws and ordinances respecting particular subjects covering a multitude of details; most of which subsequent grants would have been wholly unnecessary if the towns already possessed any general legislative powers." To the same effect are the more recent decisions in *Old Colony Gardens, Inc.* v. *Stamford,* 147 Conn. 60, 62, and *Wallingford* v. *Wallingford,* 15 Conn. Sup. 344, 347.

Under these authorities, it would appear that the defendant town has no powers save those granted expressly or by necessary implication, and "[t]he standard by which to determine whether a municipality possesses by implication a certain power" is said by our Supreme Court to be "that it must be necessarily implied or incident to the powers granted, or indispensable to the attainment and maintenance of its declared objects and purposes . . . ." *Bridgeman* v. *Derby,* 104 Conn. 1, 6. As pointed out in *Wallingford* v. *Wallingford, supra,* "[t]he test of [the] right [of municipal corporations] by implication to exercise any particular power is the necessity of such power, not its convenience." That case and the line of Supreme Court decisions therein cited set up a principle of statu-

tory construction to the effect that if there is a reasonable doubt as to the existence of an implied power in a municipality, it does not exist. *Crofut* v. *Danbury,* 65 Conn. 294, 300; *Pratt* v. *Litchfield,* 62 Conn. 112, 118; *Dailey* v. *New Haven,* 60 Conn. 314, 319; *Minturn* v. *LaRue,* 23 How. (64 U.S.) 435, 436. And this specific rule of construction overrides the general principle, argued at length in defendants' brief, that "every presumption must be made in favor of the validity of an ordinance," especially those pertaining to the improvement of the merit system.

This brings us to what appears finally and definitely to apply the coup de grace to defendants' claim—namely the fact that the matter of civil service boards and personnel appeals boards, including methods of appointment and causes for removal under the merit system, has been taken care of by the General Assembly. Section 7-408 of the General Statutes outlines the qualifications and method of appointment and removal of members of civil service boards and specifically lists "partisan activity while in office" as a cause for removal, with the safeguard against capricious or arbitrary exercise of this power of requiring that the chief executive officer of the town making such removal "shall, at the same time, file with the clerk of the superior court for the appropriate county, a report, in writing, of such removal, with his reasons therefor." The General Assembly has defined the causes which justify removal from a civil service board, thus preventing the town from acting even if § 7-154 were to be construed as a broad grant of legislative authority, since such grant specifically applies only to "matters not regulated by statute." See *Southport* v. *Ogden,* 23 Conn. 128, 131; *Shelton* v. *Town of Shelton,* 111 Conn. 433, 447; *Falzone* v. *Gruner,* 132 Conn. 415, 418; *Burton* v. *Hartford,* 144 Conn. 80; *Yaworski* v. *Canterbury,* 21 Conn. Sup. 347, 349, 351.

In the instant case, as in most of those cited above, there is a direct conflict between the ordinance and the statute, and the ordinance must yield. By its attempted proscription of all political activity of any kind, including membership on any committee of a political party, campaigning or even contributing to party organizations, the town of Trumbull is seeking "to set up new standards in place of the legislative standards" of "malfeasance or partisan activity," which have a different connotation, and to "substitute its judgment for the legislative judgment." This it cannot do. In view of this conclusion, it is not necessary to consider the other issue raised, as to whether the disputed ordinance is void for uncertainty and unreasonableness.

The issues are found for the plaintiffs, the ordinance of the town of Trumbull enacted January 25, 1960, purporting to prohibit certain political activity by members of the civil service board and personnel appeals board of said town is found and declared to be invalid and void, and the defendant town of Trumbull, its agents and employees, and the defendant prosecutors of the Trumbull Town Court and their successors in office or function, are permanently enjoined from enforcing said ordinance.