[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT
This case arises out of an effort by the West Haven City Council to consolidate three local fire districts under the government of the Town and City of West Haven. The Allingtown Fire District in West Haven was created pursuant to a Special Act of the legislature in 1939. The First Fire Taxation District was created pursuant to a Home Rule Ordinance adopted by the City by referendum in 1973. The West Shore Fire District was created pursuant to a Home Rule Ordinance adopted by referendum in 1988. Each of the fire districts elects three fire commissioners who comprise the districts' Fire Commissions.
The Charter of the City of West Haven was adopted by referendum in 1961 and has been revised several times since. Chapter XIII, Part B, Section 1 of the Charter states:
 This Charter shall in no way affect the First Fire Taxation District, the Allingtown Fire District or the West Shore Fire District. These fire districts shall continue to function in their entirety in accordance with the provisions of the Special Acts pertaining hereto.
Although, in 1984, the City sought to amend the City Charter to include a provision which stated, "notwithstanding anything in Section 1, above, should consolidation be effected according to General Statutes, the City shall have a unified fire department," this proposed amendment was defeated at referendum.
On December 23, 1996, the West Haven City Council adopted the following resolution:
 RESOLVED: That the government of the political subdivisions known as the Allingtown Fire District, First Fire District and West Shore Fire District consolidate with and under the government of the Town and City of West Haven, be approved.
The corporation counsel then transmitted a copy of this resolution to the chairperson of each Fire Commission.
On January 7, 1997, the plaintiff West Haven Professional Firefighters, Local 1198, AFL-CIO ("Firefighters"), along with three additional city residents and taxpayers, brought this action seeking an injunction to prevent the initiation of the consolidation. The three fire districts and their commissioners have also intervened as plaintiffs. The plaintiffs and the defendants have now all filed cross motions for summary judgment. CT Page 7072 They have submitted a joint stipulation of facts, and they agree that the three issues in this case are matters of law which may be decided by the court.
The first issue is whether the provision of the City Charter which provides that the charter "shall in no way affect" the three fire districts prohibits the City from consolidating those districts. The second issue is whether, if consolidation is permissible, the City properly complied with the statutory requirement[1] of notifying the "legislative body" of each district by transmitting copies of the resolution to the chairpersons of the Fire Commissions. Finally, the plaintiffs contend that if the "legislative body"is not the Fire Commission but rather the entire voting membership of each district, then notice only to the chairperson of each Fire Commission was insufficient as a matter of law. Resolution of the first of these issues is dispositive of the present motions.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries. Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely, determines whether an issue of fact exists, but does not try the issue if it does exist Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975). In this case, the parties have stipulated to the material facts.
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
The dispositive issue in this case is whether the provision of the Charter which states that "this charter shall in no way CT Page 7073 affect the [three fire districts which] shall continue to function in their entirety in accordance with the provisions of the Special Acts pertaining thereto" prohibits, as a matter of law, the City Council resolution consolidating the three districts under the government of the City. The City and its officials argue that this provision "merely states that this particular Charter of the City of West Haven shall have no effect on the operation of the three fire districts. It does not preclude consolidation under the provisions of Sections 7-195
through 7-201 of the Connecticut General Statutes." The plaintiffs contend that this argument is disingenuous, that the plain language of the Charter is clear and that, absent amendment of the Charter itself so as to permit consolidation, the individual integrity of the three fire districts must be maintained.
The ordinary rules of statutory construction are applied to the construction of charters. Arminio v. Butler, 183 Conn. 211,440 A.2d 757 (1981). When the words of a statute are plain and unambiguous, the court need look no further for interpretive guidance for the words themselves express the intention of the legislature. Windham Taxpayers Association v. Board of Selectmanof the Town of Windham, 234 Conn. 513, 532, 662 A.2d 1281 (1995). In the construction of statutes, words and phrases shall be construed according to the commonly approved usage of the language. General Statutes Section 1-1(a).
It is certainly true that the Charter could have been worded more explicitly. It could, for example, have stated: "the City Council shall pass no resolution consolidating the fire districts." It is apparent, however, that Chapter XIII, Part B, Section 1 includes such a provision by implication.
Chapter I, Section 3 of the Charter points out that the "City shall have, in addition to the powers specifically granted by the Charter and the Constitution and General Statutes of the State of Connecticut, as amended, all powers, implied in or incident to the powers expressly granted herein and all other powers incident to the management of the property, government and affairs of the City . . ." Those additional powers, which include consolidation, are nonetheless limited by the restriction on actions affecting the fire districts contained in Chapter XIII. The City Council, whose consolidation resolution spawned this litigation, derives its power from the Charter. See Charter, Chapter IV, Section 5. With that in mind, the provision of Chapter XIII, Part B, Section CT Page 7074 1 to the effect that the "Charter" shall in no way affect the fire districts, by implication means that the powers which the Charter grants to the City Council may not be exercised in a manner that will affect those districts. Any doubts about this conclusion should be dispelled by the second sentence of Section 1 which states that "these fire districts shall continue to function in their entirety in accordance with the provisions of the special acts pertaining thereto."
In other words, the Charter as presently written provides no authority for any resolution which would have the effect of eliminating the individual fire districts.[2]
A municipal corporation is a creature established for special purposes, and its corporate acts must be authorized by its Charter or other laws applicable thereto. Fahey v. Trumbull,22 Conn. Sup. 109, quoting 2 McQuillan Municipal Corporations (3rd Ed.) § 10-09 An ordinance cannot modify the provisions of a City Charter, and any ordinance which purports to do so is invalid. Russo v. Mortenson, 13 Conn. Sup. 254 (1945). Towns. like corporations, can exercise no power except such as are expressly granted to them, or such as are necessary to enable them to discharge their duties and carry into effect the objects and purposes of their creation. Abendroth v. Greenwich,29 Conn. 363. In State ex. rel. Southey v. Lashar, 71 Conn. 540, 545-46
(1989) the court stated:
 The City of Bridgeport is a municipal corporation created by its Charter. Its Charter is its enabling act and indicates the full measure of its powers . . . it can exert is powers only in the manner authorized by its Charter . . . The City can do no act nor elect any officer unless it is authorized to do so by its Charter.
In Miller v. The Eighth Utility District, 179 Conn. 589
(1980), the dispositive issue was whether the procedure for consolidation provided in the Manchester Charter was the exclusive method by which the Town of Manchester could consolidate with a Utility District. The Court concluded that the Charter provisions regarding consolidation prevail over the parallel provisions contained in the Home Rule Act:
 "In determining whether the provisions of a general statute or those of a special law prevail, the general rule is that a CT Page 7075 special or local statute, providing for a particular case or class of cases, is not affected by statute general in its terms, broad enough to include cases embraced in a special law, unless the intent to repeal or alter is manifest." (citations omitted). it is clear from the language of § 7-192 of the general statutes, which provides that "all Charters and Special Acts in effect on May 29, 1957. shall continue in effect until repealed, superseded or amended by adoption of a Charter, Charter revision or amendment in accordance with this chapter," that the legislature did not intend to repeal, limit or modify any provision of the Manchester Town Charter.
In construing Section 1 of Chapter XIII, Part B of the Charter, it is not enough for the defendants to say that if the drafters of the Charter had intended to prohibit consolidation of the fire districts, they should have said so in terms more specific than those they actually used. The language on its face is plain enough. It prohibits the Charter and, by implication, the City Council. from undertaking any action which would affect the operation of the fire districts as individual entities. For this reason, the purported consolidation was in violation of the City Charter, and the plaintiffs are entitled to judgment as a matter of law.
In light of the fact that the City Council lacked the authority to consolidate the Fire Districts, this court need not consider whether the appropriate "legislative body" is the Fire Commission or the voting population of each district, nor need it consider whether transmittal of the resolution to the chairman of each Fire Commission was effective as notice.
For the above reasons, the plaintiffs' and intervening plaintiffs' Motions for Summary Judgment are granted; the defendants' motion for Summary Judgment is denied.
Jonathan E. Silbert, Judge